UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE GUARDIAN NEWS, INC.,

                      Plaintiff,

    -against-

MICHAEL J. MARINO, individually, LUIGI MARCOCCIA, individually, TONY E. SAYEGH, JR., individually, STEVEN A. ECLOND, individually, JOHN FITZPATRICK, individually, SUSAN CIAMARRA, individually, ROBERT MASCIANICA, individually, JOHN D. CAVALLARO, individually, and the VILLAGE OF TUCKAHOE, New York,

                      Defendants.
------------------------------------------------------------x

**ANSWER**

Docket No.
07 Civ. 2862 (CLB)

      Defendants, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, as and for their answer to the complaint in the above-captioned matter, sets forth as follows:

    1.    Deny the allegations contained in ¶ "1" of the complaint, and refer all questions of law to the Court for adjudication.

    2.    Deny the allegations contained in ¶ "2" of the complaint, and refer all questions of law to the Court for adjudication.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "3" of the complaint.

    4.    Admit the allegations contained in ¶ "4" of the complaint.

    5.    Admit the allegations contained in ¶ "5" of the complaint.

    6.    Admit the allegations contained in ¶ "6" of the complaint.

7. Admit the allegations contained in ¶ "7" of the complaint.

8. Admit the allegations contained in ¶ "8" of the complaint.

9. Admit the allegations contained in ¶ "9" of the complaint.

10. Admit the allegations contained in ¶ "10" of the complaint.

11. Admit the allegations contained in ¶ "11" of the complaint.

12. Admit the allegations contained in ¶ "12" of the complaint.

13. Deny the allegations contained in ¶ "13" of the complaint, and refer all questions of law to the Court for adjudication.

14. Deny the allegations contained in ¶ "14" of the complaint, and refer all questions of law to the Court for adjudication.

15. Deny the allegations contained in ¶ "15" of the complaint.

16. Deny the allegations contained in ¶ "16" of the complaint.

17. Deny the allegations contained in ¶ "17" of the complaint.

18. Deny the allegations contained in ¶ "18" of the complaint.

19. Deny the allegations contained in ¶ "19" of the complaint.

## FIRST CLAIM

20. As and for a response to the allegations contained in ¶ "20" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

21. Deny the allegations contained in ¶ "21" of the complaint, and refer all questions of law to the Court for adjudication.

## SECOND CLAIM

22. As and for a response to the allegations contained in ¶ "22" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

23. Deny the allegations contained in ¶ "23" of the complaint.

### THIRD CLAIM

24. As and for a response to the allegations contained in ¶ "24" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

25. Deny the allegations contained in ¶ "25" of the complaint, and refer all questions of law to the Court for adjudication.

### FOURTH CLAIM

26. As and for a response to the allegations contained in ¶ "26" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

27. Deny the allegations contained in ¶ "27" of the complaint, and refer all questions of law to the Court for adjudication.

### FIFTH CLAIM

28. As and for a response to the allegations contained in ¶ "28" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

29. Deny the allegations contained in ¶ "29" of the complaint, and refer all questions of law to the Court for adjudication.

### SIXTH CLAIM

30. As and for a response to the allegations contained in ¶ "30" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶ "29" of the complaint, as though they were fully set forth herein.

31. Deny the allegations contained in ¶ "31" of the complaint, and refer all questions of law to the Court for adjudication.

### SEVENTH CLAIM

32. As and for a response to the allegations contained in ¶ "32" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

33. Deny the allegations contained in ¶ "33" of the complaint, and refer all questions of law to the Court for adjudication.

### EIGHTH CLAIM

34. As and for a response to the allegations contained in ¶ "34" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

35. Deny the allegations contained in ¶ "35" of the complaint, and refer all questions of law to the Court for adjudication.

### NINTH CLAIM

36. As and for a response to the allegations contained in ¶ "36" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "19" of the complaint, as though they were fully set forth herein.

37. Deny the allegations contained in ¶ "37" of the complaint, and refer all questions of law to the Court for adjudication.

### FIRST AFFIRMATIVE DEFENSE

38. Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

39. Plaintiff's complaint is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

40. The individual defendants are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

41. The Mayor and Village Trustee defendants are protected by absolute legislative immunity.

### FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff lacks standing.

### SIXTH AFFIRMATIVE DEFENSE

43. This case, in whole or in part, is not ripe.

### SEVENTH AFFIRMATIVE DEFENSE

44. This case, in whole or in part, does not present a case or controversy.

### EIGHTH AFFIRMATIVE DEFENSE

45. The challenged legislation represents a reasonable time, place, and manner regulation.

### NINTH AFFIRMATIVE DEFENSE

46. The challenged legislation comports with applicable Supreme Court precedent on obscenity.

## TENTH AFFIRMATIVE DEFENSE

47. Plaintiff cannot identify any similarly situated persons or entities who are treated more favorably under the challenged legislation.

## ELEVENTH AFFIRMATIVE DEFENSE

48. The fees charged under the subject legislation are related to the costs of administering the law.

## TWELFTH AFFIRMATIVE DEFENSE

49. Plaintiff may not recover punitive damages against a municipality.

## THIRTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff's constitutional rights were not deprived pursuant to a policy, practice, custom, or procedure of the Village of Tuckahoe.

Dated: Mineola, New York
May 23, 2007

    MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
    Attorneys for Defendants

    By: _____
        BRIAN S. SOKOLOFF (bss-7147)
    240 Mineola Boulevard
    The Esposito Building
    Mineola, New York 11501
    (516) 741-7676
    Our File No. 07-344

TO:  LOVETT & GOULD, LLP
      222 Bloomingdale Road
      White Plains, New York 10605

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) s.s.:
COUNTY OF NASSAU    )

      **MERLISA ANDREWS**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Jamaica, New York.

      That on May 23, 2007, deponent served the within **ANSWER** upon:

      LOVETT & GOULD, LLP
      222 Bloomingdale Road
      White Plains, New York 10605

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                                            */s/ Merlisa Andrews*
                                                                            **MERLISA ANDREWS**

Sworn to before me this 23rd day
Of May, 2007.

*/s/*
_____
NOTARY PUBLIC

                                BRIAN S. SOKOLOFF
                        Notary Public, State of New York
                            No. 02SO4914710
                            Qualified in Queens County
                     Commission Expires November 23, 2009